PER CURIAM.
By petition filed in this Court on April 2, 1965, The Florida Bar has requested this Court to amend Article III, Section 1; Article VIII, Section 2; and to add a new Article XVI to the Integration Rule of The Florida Bar, 31 F.S.A.
After hearing argument and duly considering the Petition it is determined that the Integration Rule of The Florida Bar should be, and the same is, hereby amended by:
1. Deleting Section 1, Article III thereof and inserting as a new Section 1, Article III the following:
“Article III. Board of Governors.
1. The Board of Governors shall be the governing body of The Florida Bar. The Board shall consist of the President of The Florida Bar, the President-elect, the President of the Junior Bar Section, the President-elect of the Junior Bar Section who shall not be entitled to vote except in the absence of the President of the Junior Bar Section, and representatives elected from the active members of The Florida Bar in each judicial circuit. The total number of representatives elected from judicial circuits shall be twice the number of the total of all the judicial circuits as constituted at the time of the election. The circuit representatives *531 shall be apportioned among, elected from and hold office for the terms as in this Article provided.
(a) One-half of the circuit representatives shall be apportioned among and elected from the judicial circuits on the basis of one representative from each circuit.
(b) One-half of the circuit representatives shall be apportioned among and elected from the judicial circuits on the basis of the number of active members of The Florida Bar residing in each circuit. The formula and mechanics of this and for determining the number of representatives in this manner apportioned to and elected from each judicial circuit shall be: first, determine the average number of active members of The Florida Bar residing in each judicial circuit by dividing the total of the number of judicial circuits into the number of active members of The Florida Bar residing in Florida, and then divide the resulting average into the number of active members of The Florida Bar residing in each judicial circuit. Apportionment among and election of representatives shall be in accordance with the results thus obtained and by apportioning to each judicial circuit of one representative for each multiple of one of the results obtained and one for each fraction thereof in accordance to size in descending order from the largest fraction to the next largest fraction and so on until all representatives are apportioned to judicial circuits.
(c) The Executive Director shall annually, as of December 15, from the records of The Florida Bar, certify to the Clerk of the Supreme Court of Florida the number of active members of The Florida Bar residing in each judicial circuit, and his certificate or a notice thereof shall forthwith be published in The Florida Bar Journal. This certificate of the Executive Director of The Florida Bar shall be the basis of apportionment of circuit representatives elected to the Board
of Governors in the ensuing bar judicial circuit elections.
(d) All circuit representatives elected to the Board of Governors shall serve out the full term for which elected even though a subsequent circuit membership as certified by the Executive Director discloses a reduction in the number of representatives to which any judicial circuit is entitled.
(e) Any circuit representative elected prior to the effective date hereof shall serve out the remainder of the term for which he was elected, and his representation shall be charged as one of those apportioned to the judicial circuit from which he is elected.”
2. Adding a new Article XVI reading as follows:
“Article XVI. Unauthorized Practice of Law.
1. Pursuant to the provisions of Article V, Section 23 of the Florida Constitution, this Court has inherent jurisdiction to prohibit the unauthorized practice of law. The practice of law by persons whose fitness is no't approved shall constitute a contempt of this Court.
2. The Florida Bar, as an official arm of this Court, is charged with the duty of investigating matters pertaining to the unauthorized practice of law. The Board of Governors of The Florida Bar shall establish not less than one committee in each judicial circuit, for the purpose of receiving complaints and conducting preliminary investigations of reported unauthorized practices. The membership, appointment, terms, officers, oath, removal, quorum and vote of each such committee shall be in accordance with the provisions of subsections (c) through (h) inclusive of Rule 11.03(2) in Article XI of this Rule.
3. It shall be the duty of each committee to investigate with .dispatch all reports of the unauthorized practice of *532 law, and to make prompt written report of its investigation and findings to the Board of Governors. The Board of Governors shall receive and evaluate the committee reports and determine whether or not a complaint should be filed against any alleged offender. All such complaints shall be by written petition filed in this Court by The Florida Bar and in its name.
4. Each such petition shall he processed in this Court in accordance with the following procedure:
(a) The Petition shall not be framed in technical language, but shall with reasonable clarity set forth the alleged facts constituting the unauthorized practice of law. A prayer for relief may be included in the petition, but shall not be required.
(b) This Court, upon consideration of any petition so filed, may issue its order to show cause directed to the respondent commanding said respondent to show cause if any there be, why the respondent should not be held and adjudged in contempt of this Court, and further requiring the respondent to file with the Court within a designated time a written answer admitting or denying the matters set forth in the petition. The legal sufficiency of the petition may, at the option of the respondent, be raised by motion filed prior to or at the time of the filing of the answer. The order and petition shall be served upon the respondent in the manner provided for service of process by Rule 1.3(c) Florida Rules of Civil Procedure. Service of all other pleadings shall be governed by the provisions of Rule 1.4, Florida Rules of Civil Procedure.
(c) Any party may. request oral argument upon any question of law raised by the initial pleadings. The Court may, in its discretion, set the matter for oral argument upon the next convenient motion day, or at such time as it deems appropriate.
(d) If no response or defense is filed within the time permitted, the allegations of the petition shall be taken as true for purposes of that action. The Court will then, upon its motion or upon motion of any party, decide the case upon its merits, granting such relief and issuing such order as might be appropriate; or it may refer the petition for further proceedings according to this Rule.
(e) Questions of fact raised by the pleadings will be referred for trial to a Referee designated by the Court. The Referee shall report in writing to the Court his findings of fact, conclusions of law and recommendations for final disposition of the cause. The original rec-cord shall be filed with his report. A copy of the Referee’s report shall be served upon all parties by the Referee at the time the same is filed in this Court.
S. Proceedings before the Referee shall be in accordance with the following:
(a) The proceeding before the Referee shall be held in the county where the respondent resides or where the alleged offense was committed, whichever shall be designated by the Court.
(b) Upon assignment of a cause for trial, the Board of Governors shall appoint bar counsel to prosecute the same before the Referee.
(c) Witness subpoenas shall run in the name of this Court and shall be issued by the Referee upon request. of a party. Failure or refusal to comply with any subpoena shall be a contempt of this Court and may be punished by this Court or by any Circuit Court where the action is pending or where the contemner may be found, as if said refusal were a contempt of that Court.
(d) The Florida Rules of Civil Procedure, including those provisions pertaining to discovery, not inconsistent with •this rule, shall apply in proceedings before the Referee. The powers and jurisdiction generally reposed in “the court” *533 ■under said Rules may in this action be exercised by the Referee. The Florida Bar may in every case amend its petition one time as of right, within 60 days after the filing of the order of reference.
(e) Review of interlocutory rulings of the Referee may be had by petition to this Court filed within thirty days after entry of the ruling complained of. A supporting brief and a transcript of pertinent portions of the record shall be filed with the Court by a party seeking such review. Any opposing party may file his brief in opposition within ten days thereafter. Any party may request oral argument at the time his brief is filed or due. Interlocutory appeals shall not stay the cause before the Referee unless the Referee shall so order.
6. Objections to the Report of the Referee may be filed in this Court by any party aggrieved, within thirty days after the filing of said Report. If the objector desires, he may file a brief in support of his objections at the time his objections are filed. Any other party may file a brief within twenty days after service of objector’s brief. Oral argument will be allowed at the Court’s discretion and will be governed by the provisions of Florida Appellate Rules, Rule 3.10.
7. Upon the expiration of the time to file objections to the Referee’s Report, the Court shall review the Report of the Referee, together with any briefs or objections filed in support of or opposition to such report. After review, the Court shall make a finding of guilt or innocence on the question of contempt, and shall enter an appropriate order or judgment, whether of contempt, injunction or otherwise, which shall seem reasonably calculated to insure the protection of the public against any further unlawful conduct, whether by the respondent to said cause or by other parties.
8. Nothing set forth in this Rule shall he construed to prohibit or limit the right of the Court, upon proper application, to issue a preliminary or temporary injunction, or at any stage of the proceedings, to enter any such order as to the Court may seem proper when public harm or the possibility thereof is made apparent to the Court, in order that such harm may be summarily prevented or speedily enjoined.”
The request of The Florida Bar for amendment to Article VIII, Section 2 is denied.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, THORNAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.